IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WILMORE L. WASHINGTON, III**,<br><br>    Plaintiff,<br><br>  v.<br><br>**FARMINGTON ESTATES OWNERS ASSOCIATION**; **NORTHWEST COMMUNITY MANAGEMENT, LLC**; **SARA BERG**; **MICHAEL ORRANTIA**; **KATIE PATTERSON**; **BRIAN HESS**; and **JENNIFER LAYTON**,<br><br>    Defendants. | Case No. 3:21-cv-01032-YY<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

Wilmore Lee Washington, III, 16055 SW Walker Rd #105, Beaverton, OR 97006. Self-Represented Litigant.

Hilary A. Boyd, Davis Rothwell Earle & Xochihua P.C., 200 Southwest Market Street, Suite 1800, Portland, OR 97201. Attorney for Defendants.

**IMMERGUT, District Judge.**

  Plaintiff, a pro se litigant, owned a condominium in a community managed by Defendant Northwest Community Management, LLC and governed by Defendant Farmington Estates Owners Association ("HOA") and the individual Defendants who served on the HOA's board of directors. ECF 55 at 1. Plaintiff brought this action alleging that Defendants racially

PAGE 1 – ORDER

discriminated against him and retaliated against him for filing this lawsuit. *Id.* at 1–2. On May 13, 2022, Defendants moved to dismiss Plaintiff's Second Amended Complaint, ECF 48, for failure to state a claim, ECF 50.

On July 13, 2022, Magistrate Judge Youlee Yim You issued her Findings and Recommendation ("F&R"). ECF 55. The F&R recommends that this Court grant in part and deny in part Defendants' Motion to Dismiss. *Id.* at 15. The F&R recommends that the motion be denied as to Plaintiff's claims of discrimination and retaliation under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 2604(b) and 3617, against the named Defendants, but, to the extent that Plaintiff's claims are directed at non-parties, those portions of Plaintiff's claims should be dismissed without prejudice, and, to the extent that Plaintiff's claims seek to recover damages based on harms to individuals not named as plaintiffs, those portions of Plaintiff's claims should also be dismissed without prejudice. *Id.* On August 1, 2022, Defendants timely filed Objections, ECF 57, and on August 7, 2022, Plaintiff timely filed a Response, ECF 58. This Court has reviewed de novo the portions of the F&R to which Defendants objected and ADOPTS Judge You's F&R in full.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not

PAGE 2 – ORDER

preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## CONCLUSION

Judge You's F&R, ECF 55, is adopted in full. Defendants' Motion to Dismiss, ECF 50, is GRANTED in part and DENIED in part. Defendants' motion is DENIED as to Plaintiff's claims of discrimination and retaliation under the FHA. However, to the extent that Plaintiff's claims are directed at non-parties or seek to recover damages based on harms to individuals not named as plaintiffs, Defendants' motion is GRANTED, and those portions of Plaintiff's claims are DISMISSED without prejudice.

**IT IS SO ORDERED**.

DATED this 19th day of January, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 3 – ORDER