UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

WILMORE LEE WASHINGTON, III,

        Plaintiff,

    v.

FARMINGTON ESTATES OWNERS ASSOCIATION, an Oregon corporation; NORTHWEST COMMUNITY MANAGEMENT, LLC, an Oregon company; SARA BERG; MICHAEL ORRANTIA; KATIE PATTERSON; BRIAN HESS; JENNIFER LAYTON; THE MANAGEMENT TRUST; NATALIE SEIBEL,

        Defendants.

Case No. 3:21-cv-01032-YY

FINDINGS AND RECOMMENDATIONS

YOU, Magistrate Judge.

**FINDINGS**

Plaintiff Wilmore Washington, who is proceeding *pro se*, owns a condominium in Farmington Estates, which is governed by defendant Farmington Estates Owners Association ("HOA").[1] In 2021, plaintiff filed this lawsuit against the HOA, the individual defendants who served on the HOA's board of directors, and Northwest Community Management, LLC. Plaintiff

---

[1] Plaintiff purchased the condominium in December 2019, resided there until September 2021, and currently rents it out. Fourth Am. Compl. 2, 4, 37, ECF 101.

1 – FINDINGS AND RECOMMENDATIONS

alleged that defendants racially discriminated against him in violation of the federal Fair Housing Act ("FHA") by failing to respond to his complaints about enforcement of the community's rules and regulations in the same way they responded to non-African American homeowners' complaints, preventing him from taking actions that could have reduced the problems he experienced with his neighbors, and directed racially derogatory insults and language toward him.

After the original defendants' initial motion to dismiss was resolved, the court set a deadline of May 3, 2023, for any motions to amend the pleadings and join parties. Minutes of Proceedings (Feb. 2, 2023), ECF 62. On April 26, 2023, plaintiff filed a motion for leave to amend the complaint to add defendants Natalie Seibel and the Management Trust; that motion was later granted and plaintiff filed his Third Amended Complaint. *See* Order (July 17, 2023), ECF 84; *see also* ECF 85. In response to Seibel's initial motion to dismiss, plaintiff asserted new factual allegations, and the court allowed plaintiff to file the now-operative Fourth Amended Complaint to allege those facts in his complaint. *See* Minutes of Proceedings (Oct. 19, 2023), ECF 100. Seibel's subsequent motion to dismiss against the Fourth Amended Complaint was granted in part and denied in part, and the court set August 5, 2024, as the deadline to complete document discovery as to "all defendants." Minutes of Proceedings (June 5, 2024), ECF 115; *see also* Order (June 7, 2024), ECF 116 (adopting Findings and Recommendations regarding Seibel's motion to dismiss).

On July 31, 2024, plaintiff filed the currently pending Motion for Leave to Amend Fourth Amended Complaint, to which he attached a proposed Fifth Amended Complaint. ECF 118 (some capitalization edited). In the proposed Fifth Amended Complaint, plaintiff changed the

2 – FINDINGS AND RECOMMENDATIONS

caption to remove the language "Title VIII of Civil Rights Act 1968 (Fair Housing Act)," and added the following unnumbered paragraph to the first page:

> This is an action for compensatory damages, punitive damages, non-economic damages, expenses and legal fees reimbursement, alleging a continuing pattern of racially discriminatory conduct in services, interference, coercion, intimidation, etc in violation of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982, and the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 ("FHA").

Proposed Fifth Am. Compl. 1, ECF 118-1. The proposed Fifth Amended Complaint did not contain any additional factual allegations. *See id.* at 2–47. At the hearing on plaintiff's motion for leave to amend, plaintiff confirmed that these proposed amendments were meant to assert new claims under 42 U.S.C. §§ 1981 and 1982. At the conclusion of the hearing, the undersigned judge advised plaintiff that Findings and Recommendations would be issued recommending that his motion to amend should be denied because of his lack of diligence under Rule 16 and, even if he had acted with diligence, because of prejudice to defendants under Rule 15.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." "In general, a court should liberally allow a party to amend its pleading." *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing FED. R. CIV. P. 15(a)). However, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.' " *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations omitted).

3 – FINDINGS AND RECOMMENDATIONS

When moving for leave to amend after a deadline has lapsed, however, a party cannot "appeal to the liberal amendment procedures afforded by Rule 15; [the] tardy motion [must] satisfy the *more stringent* 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (emphasis in original). In other words, "Rule 15 is trumped by Rule 16 once the district court file[s] a pretrial scheduling order." *Id.*; *see also* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Under Rule 16(b), a party "must show good cause for not having amended their complaints before the time specified in the scheduling order expired." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). The Rule 16(b) "good cause" standard primarily depends on the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985).

Plaintiff's motion for leave to amend does not address the Rule 16 standards, and plaintiff has failed to show that he acted diligently to justify modifying the scheduling order to add new claims at this late stage. As mentioned above, plaintiff's motion for leave to amend does not identify any new facts that were learned through discovery to warrant allowing the proposed amendment. *See Thompson v. KC Care, LLC*, No. 3:18-cv-00363-YY, 2019 WL 3210088, at *2 (D. Or. June 17, 2019), *report and recommendation adopted,* No. 3:18-cv-0363-YY, 2019 WL 3206841 (D. Or. July 15, 2019) ("Newly discovered facts can constitute good cause to modify a scheduling order.") (citing *Mentor Graphics Corp. v. EVE-USA, Inc.*, 13 F. Supp. 3d 1116, 1121 (D. Or. 2014)). Moreover, this case has been pending since 2021, and discovery has been

4 – FINDINGS AND RECOMMENDATIONS

ongoing since early 2023. Plaintiff has already amended the complaint numerous times, but failed to raise these new claims until six days before discovery was to close, more than a year after the deadline to amend the pleadings passed.

At the hearing on the motion to amend, plaintiff did not show that he had acted diligently in bringing his section 1981 and 1982 claims. Rather, plaintiff claimed that he did not "realize there were so many different types of civil rights laws" and was "unaware" that claims could be asserted under section 1981 or 1982 until a month before when he "started reviewing the case a little bit more." Transcript (August 6, 2024) 8-9, ECF 123. Plaintiff's delay in researching potential claims does not establish the diligence required to modify the scheduling order under Rule 16. *See Corker v. Costco Wholesale Corp.*, No. 2:19-cv-00290-RSL, 2022 WL 16904801, at *2 (W.D. Wash. Aug. 14, 2022) (finding that the defendant's mistake in "not realiz[ing]" that expert discovery was needed did not establish good cause warranting relief from the scheduling order under Rule 16); *Johnson v. Cnty. of Kern*, No. 1:20-cv-01062-JLT-CDB, 2022 WL 1778015, at *5 (E.D. Cal. June 1, 2022), *report and recommendation adopted in part,* No. 1:20-cv-01062-JLT-CDB, 2022 WL 3335625 (E.D. Cal. Aug. 12, 2022) (finding that the plaintiff, who admitted that "it was through oversight and mistake that [certain] individuals were not substituted in as Doe Defendants" before the deadline to do so, did not demonstrate diligence under Rule 16).

Moreover, even if the Rule 15 standards applied, plaintiff's motion to amend would be denied because of his undue delay in moving to add new claims and the prejudice that defendants will suffer if the motion is granted. Defendants validly assert that, if plaintiff is allowed to assert new claims at this late stage in the case, they would be required to engage in additional discovery and motions practice. Defendants have already filed four motions to dismiss to date. Prejudice is

5 – FINDINGS AND RECOMMENDATIONS

the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted).

After the hearing on the motion, plaintiff submitted an email to the court requesting "reconsideration." Generally, reconsideration under Rule 59(e) is an "extraordinary remedy. . . to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter. Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A request for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)

In his email, plaintiff wrote:

> During the last meeting, you asked me why I did not put these laws 1981 and 1982 in the second amended complaint? Prior to filing motion to leave for second amendment complaint , during a conference call, it was you that told me to put down fair housing act and I did what you told me to do ,unaware of other items, after receiving the final batch of non privilege records of June 20th by defense counsel , I saw that my contract was modified and I was the only one being penalized for items such as Financial Penalty resolution, fines, towing resolution, and board non voting position which makes my contract relationship modified based on race. I humbly request to allow me to amend the complaint by explaining the contract issues or deny without prejudice because I was unaware of the laws and how they would apply until I received the last batch of documents on June 20, 2024.[2]

---

[2] It is unclear what plaintiff is suggesting by stating that the undersigned judge told him to "put down fair housing act," but it should be noted that it was plaintiff's idea to assert a Fair Housing Act claim. Plaintiff originally asserted a Title VII claim in his Complaint and Amended Complaint. *See* Compl., ECF 1; Am. Compl., ECF 45. After defense counsel emailed plaintiff to advise him that defendants would be moving to dismiss his Title VII claim, plaintiff responded by stating, "I marked it on the originally civil cover sheet complaint as civil rights housing, so that should fit under Title VIII Civil Rights Act the Fair housing act." Mot. Amend Compl., Ex., ECF 46-1; Civil Cover Sheet, ECF 1-1 (marking nature of suit as "443 Housing/ Accommodation"). Plaintiff thereafter filed a motion to amend his complaint to allege a "Title VIII Civil Rights act (Fair Housing Act)" claim, which was granted, and he filed a Second Amended Complaint alleging a Title VIII claim. Mot. Amend Compl., ECF 46; Second Am. Compl., ECF 48.

6 – FINDINGS AND RECOMMENDATIONS

In short, plaintiff now claims that he was unaware of the section 1981 and 1982 claims until he received the final batch of discovery on June 20, 2024, at which time he saw that his contract was modified and he was being penalized based on his race.

But this was not new information that plaintiff was unaware of before. In his Amended Complaint filed in February of 2022, plaintiff alleged that "the CCRs and Bylaws constitute a contract between the owners of individual condominiums and the HOA." *See* Am. Compl. 1–2, ECF 45. In his Second Amended Complaint filed in April of 2022, plaintiff again alleged that his relationship with the HOA was governed by contract and claimed that "in spite of [their] duty to enforce the CCRs and bylaws, the defendant did nothing to correct the problem due to the Plaintiff's Race." Second Am. Compl. 2, 29-30, ECF 48. Thus, plaintiff was aware long ago of the facts that could potentially give rise to a section 1981 claim. Plaintiff has not provided any newly discovered evidence, or pointed to anything else, that would justify departing from the conclusion that his motion to amend the complaint more than a year after the deadline to do so should be denied.

## RECOMMENDATIONS

Plaintiff's Motion for Leave to Amend Fourth Amended Complaint [118] should be denied because plaintiff has failed to demonstrate the diligence required to establish good cause to modify the court's scheduling order under Federal Rule of Civil Procedure 16.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Friday, September 20, 2024. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

7 – FINDINGS AND RECOMMENDATIONS

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

**NOTICE**

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED September 3, 2024.

                                            /s/ Youlee Yim You
                                            Youlee Yim You
                                            United States Magistrate Judge