IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WILMORE LEE WASHINGTON, III**,<br><br>Plaintiff,<br><br>v.<br><br>**FARMINGTON ESTATES OWNERS ASSOCIATION**; **NORTHWEST COMMUNITY MANAGEMENT, LLC**; **SARA BERG**; **MICHAEL ORRANTIA**; **KATIE PATTERSON**; **BRIAN HESS**; **JENNIFER LAYTON**; **MANAGEMENT TRUST**; and **NATALIE SEIBEL**,<br><br>Defendants. | Case No. 3:21-cv-01032-YY<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

**IMMERGUT, District Judge.**

Plaintiff, proceeding pro se, filed this lawsuit over three years ago for alleged race discrimination in violation of the Fair Housing Act. Complaint, ECF 1. On July 31, 2024, Plaintiff filed a Motion for Leave to Amend to file a Fifth Amended Complaint ("Mot."), ECF 118. On August 16, 2024, Magistrate Judge You held oral argument. Minute Order, ECF 119. On September 3, 2024, Judge You issued her Findings and Recommendation ("F&R"), ECF 124.

PAGE 1 – ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

The F&R recommends that this Court deny Plaintiff's motion. ECF 124 at 7. Plaintiff filed Objections, ECF 128.

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

Plaintiff seeks to amend his complaint to assert claims under 42 U.S.C. §§ 1981 and 1982 for the first time. F&R, ECF 124 at 3. The F&R recommends that this Court deny Plaintiff's motion for failure to establish good cause under Federal Rule of Civil Procedure 16(b)(4) to modify the scheduling order to extend the deadline to amend pleadings. F&R, ECF 124 at 7. In the alternative, the F&R recommends that this Court deny the motion due to Plaintiff's undue delay in moving to add new claims and the prejudice to the Defendants under Federal Rule of Civil Procedure 15(a)(2). *Id.* at 5–7. This Court has reviewed de novo the portions of the F&R to which Plaintiff objected and accepts Judge You's conclusions.

Plaintiff re-raises the argument he made to Judge You that he was "not aware" of 42 U.S.C. §§ 1981, 1982 until he conducted research in July 2024. Objections, ECF 128 at 4; *id.* at 5. As the F&R states, "Plaintiff's delay in researching potential claims does not establish the

PAGE 2 – ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

diligence required to modify the scheduling order under Rule 16." F&R, ECF 124 at 5. Plaintiff is correct that undue delay by itself is insufficient to justify denying a motion to amend under Rule 15, Mot., ECF 118 at 5 (citing *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999)), but since Judge You already set the pretrial scheduling order, Rule 16 governs whether Plaintiff should be granted leave to amend, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).[1] Under Rule 16, Plaintiff must establish diligence. F&R, ECF 124 at 4 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

In his Motion and Objections, which this Court liberally construes, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), Plaintiff fails to show how he acted diligently in bringing these new claims. Plaintiff attaches seven exhibits to his Objections. This Court exercises its discretion to consider this evidence. 28 U.S.C. § 636(b)(1)(C) ("The judge may also receive further evidence . . . ."). These exhibits consist of Plaintiff's email communications with defense counsel and Judge You's Courtroom Deputy. *See* Ex. A–G, ECF 128-1 to 128-7. This evidence does not establish Plaintiff's diligence.

Plaintiff argues that adding these claims would not require Defendants to do any additional work. Objections, ECF 128 at 6. But as the F&R points out, Defendants have already filed four motions to dismiss, and adding these new claims would likely require additional discovery and motions practice. ECF 124 at 5.

Accordingly, Judge You's F&R, ECF 124, is adopted in full. This Court DENIES Plaintiff's Motion for Leave to Amend, ECF 118.

---

[1] Plaintiff cites *United States v. Wood*, 877 F.2d 453, 456 (6th Cir. 1989) as allowing a party to add a claim three weeks before trial. Objections, ECF 128 at 5. However, *Johnson*, 975 F.2d 604 "is the law in the Ninth Circuit, not *Wood*." *Godoy v. Brock*, No. 3:13-CV-0194, 2014 WL 12059027, at *2 (S.D. Cal. Nov. 3, 2014). Amendment after the scheduling order must meet the requirements of Rule 16.

PAGE 3 – ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

**IT IS SO ORDERED**.

DATED this 10th day of October, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
