IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WILMORE LEE WASHINGTON, III**,<br><br>Plaintiff,<br><br>v.<br><br>**FARMINGTON ESTATES OWNERS ASSOCIATION**; **NORTHWEST COMMUNITY MANAGEMENT, LLC**; **SARA BERG**; **MICHAEL ORRANTIA**; **KATIE PATTERSON**; **BRIAN HESS**; **JENNIFER LAYTON**; **MANAGEMENT TRUST**; and **NATALIE SEIBEL**,<br><br>Defendants. | Case No. 3:21-cv-01032-YY<br><br>**ORDER** |

**IMMERGUT, District Judge.**

This matter is before the Court on Plaintiff's Motion to Recuse Magistrate Judge You, ECF 135. Judge You denied Plaintiff's Motion, ECF 136. Plaintiff timely filed Objections, ECF 139. No response from Defendants is necessary.

A motion for recusal is a non-dispositive matter. When a party timely objects to a magistrate judge's determination of a non-dispositive matter, the district judge may reject that determination only when the magistrate judge's order is either "clearly erroneous or contrary to

PAGE 1 – ORDER

law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Accordingly, this Court will review Judge You's factual findings for clear error and legal conclusions de novo. *adidas Am., Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022). An order is contrary to law when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* Review under the clearly erroneous standard is "significantly deferential." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997) (internal quotation marks omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

This Court liberally construes Plaintiff's Motion and Objections as he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Plaintiff argues that Judge You erred because Judge You did not refer Plaintiff's Motion to this Court. Objections, ECF 139 at 6–7. However, Judge You was entitled to rule on Plaintiff's Motion since it was a non-dispositive matter, *see* Fed. R. Civ. P. 72(a), and Judge You only analyzed its legal sufficiency. *United States v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976).

Plaintiff argues that Judge You "allow[ed] the defense to tamper with evidence and to engage in spoliation of evidence." Objections, ECF 139 at 4. This appears to be a reference to Judge You's decisions denying Plaintiff's Motion to Compel, ECF 132, and Motion to Extend Discovery, ECF 121. Plaintiff has not established that Judge You erred in concluding that Plaintiff's Motion "is entirely based on adverse rulings or other matters of case management that [P]laintiff believes are contrary to the law, the facts, or the needs of this case." Order, ECF 136 at 2. Plaintiff has failed to present any legitimate ground for recusal.

This Court concludes that Judge You correctly applied the standard for recusal and Plaintiff has not satisfied his high burden in challenging Judge You's non-dispositive Order. This

PAGE 2 – ORDER

Court OVERRULES Plaintiff's Objections, ECF 139, and AFFIRMS Judge You's Order, ECF 136, DENYING Plaintiff's Motion to Recuse, ECF 135.

**IT IS SO ORDERED**.

DATED this 25th day of October, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
