UNITED STATES DISTRICT COURT

for the

District Of Oregon

Portland Division

| | |
|---|---|
| Wilmore Lee Washington, III | ) ) ) ) |
| Plaintiff, | ) ) Case No.: ) 3:21-cv-01032-YY |
| v. | ) ) |
| Farmington Estates Owners Association; Northwest Community Management, LLC; Sara Berg; Michael Orrantia; Katie Patterson; Brian Hess; Jennifer Layton, The Management Trust; Natalie Seibel; | ) ) ) ) ) ) ) ) ) ) |
| Defendant. | ) ) |

**MOTION TO RECONSIDER JUDGMENT, ALTER OR AMEND FINDINGS**

Under FRCP 59(e), Plaintiff requests the court to reconsider judgment, alter or amend the finding based on the errors, new evidence and to prevent manifestation of injustice.

1. Plaintiff has provided the affidavit of damages related to the 5 claims and legal issues of ECF-172

2. Plaintiff has provided the sworn affidavit statements related to all of the legal issues and claims of ECF-172

3. Plaintiff has provided the sworn affidavit statement of Plaintiff's wife related to ECF-172.

4. Plaintiff has provided the Declaration of Evidence for all evidence attached to ECF-172

5. Plaintiff has provided additional evidence supplementing ECF-172 in Exhibit-1

    a. Plaintiff has provided evidence which shows black versus non-black homeowners, through sworn affidavit and through the excerpt from defendant's response to interrogatories, Exhibit-1 at 50, and the discrepancy in defendant's response including the unit of non-black homeowner Exhibit-1 at 51-52.

    b. Plaintiff has provided evidence to show go live date was May 1st 2020 in Exhibit-1 at 1-2, for ECF-172 at 40 LI-5

    c. Plaintiff has provided evidence to show that the Corporation[1] did not bring up Resolutions after thoroughly examining the CC&Rs and Bylaws in May 2020, Exhibit-1 at 3-7, Resolutions were introduced as critical requirements for Management operations only after plaintiff complained about experiencing discrimination by Defendant Brian Hess in July 2020. ECF-(172-7)[2] at 39, ECF-(172-5) at 51-53

    d. Defendant Farmington Board had created CC&R's amendment ECF-(172-3) which contained fine process, towing process, fine amounts for violations which was voted in several years ago at an owners meeting ECF-(172-5) at 70 and a prior Board member informed Defendant Corporation of Board issuing fines ECF-(172-5) at 55 and this document would have benefited plaintiff in all the violations getting resolved and improve his living conditions. On 07/28/2020 CC&R's amendment ECF-(172-3) was provided to Corporation Defendants ECF-(172-5) at 60. Instead of executing and recording the CC&R's amendment ECF-(172-3) to the county, Defendants decided to moot these amendments and wait for the new resolutions created by the Corporation Defendants ECF-(172-5) at 70

---

[1] Corporation is referring to Defendants The Management Trust, Northwest Management LLC, Brian Hess and other employees.
[2] Document References to Electronic Court Records ECF-(Document Number), The Exhibits attached to the document with court records are referenced ECF-(Document Number-Exhibit Number)

and in the interim Corporation Defendants enforced the violations per these amendments reported by Defendant Berg (Exhibit-1 at 55-58) against 5387 Golden Gate Way not covered in the current CC&R's of (172-1) but they are in CC&Rs of (172-3) ECF-(172-6) at 8-9, also in the interim Corporation Defendants suggested to speak to Corporate Attorney Harris to find alternate to assess reimbursement of expenses on for the pest issue related to the rat problem reported by Defendant Seibel per the June 7, 2021 meeting (WW-000008286.mov).

e. Plaintiff has provided evidence which shows Defendants selectively enforced collections of hoa dues but not enforcement fines both of which were part of the same Article VI of governing docs of ECF-(172-1) at 8-9, Exhibit-1 at 8-39, ECF-172 at 56 LI-70

f. Plaintiff has provided evidence that during the times of these claims the defendants had an active towing service, but was denied to plaintiff (Exhibit-1 at 40-41, 53-54), and Plaintiff as a board member at the time, was provided false information that they need to get a Tow company in place (Exhibit-1 at 74) even though Defendants already had a towing agreement on file Exhibit-1 at 54, ECF-172 at 57-58 LI-71

    g. Plaintiff has provided the ARC Report which shows Defendants handled ARC for other homeowners in the community differently than the plaintiff's ARC which was not even recorded in the portal per the report. Exhibit-1 at 42-49, ECF-172 at 60 LI-77

    h. Plaintiff has provided the Work Order Report which shows Defendants handled work orders differently for other homeowners versus plaintiff in the community ECF-(172-10) and also as can be seen in reports service requests made by plaintiff they are not all in these reports.

    i. Plaintiff has provided the Violations Report which shows Defendants handled violations differently for other homeowners versus plaintiff.ECF-(172-11), also as can be seen in reports violations reported by plaintiff, the defendants intentionally did not record these in the reports.

    j. Defendants resolved the issues of a non-black homeowner from the community doing protected activity by threatening lawsuit and Defendants did not retaliate. (Exhibit-1 at 59-72)

6. Plaintiff has provided the Declaration of the videos and audio recordings, Plaintiff requests the court to allow a way for plaintiff to provide these recordings for consideration.

7. Defendants interference with Plaintiff's tenants and rental property management after the lawsuit, led to breach of contract by 3rd party- GreenBridge Properties Management, leading to financial loss and loss of business. Plaintiff sent GreenBridge subpoena for records which was unanswered, and is requesting discovery to gather evidence for continued discrimination from Defendants, and an order to GreenBridge and tenants to respond.

8. Plaintiff requests the court to allow time to do depositions to cure evidentiary objections, for the hearsay records, to the defendants and third parties , the emails that were received by defense counsels, and other surrounding questions related to all claims. An example of need for depositions for clarification, it appears Defendants were selectively enforcing parts of the ECF-(172-3) at 13 and execution of this document would have removed the need of any additional fine or towing resolution since it contained the fine and towing process and the amendment to CCRs was approved in the board meeting and enforced since than, reference ECF-(172-5) at 47, ECF-(172-11) at 3 for 5387 SW up to late 2022, depositions would help. Lastly, it appears that Farmington Estates approved of the corporation's financial Penalty Resolution twice July and Oct 2020, this could have helped Plaintiff out tremendously, and maybe would have

not led Plaintiff being forced out, but defense counsel has provided partial conversations which could be cured by depositions, it potentially shows how much the affiliates of the corporations were involved.

9. Defendants have selectively produced records besides spoliation of evidence despite receiving subpoena for records in September 2021.

    a. Defendants have spoliated Corporations internal messages used to communicate regarding plaintiff's legal issues especially retaliation and retaliatory harassment.

    b. Defendants have not produced Contract, policies of Defendants around resolutions of 2020, discussions around resolutions by the corporation, signed copy and/or discussions around ECF-(172-3) all are crucial for plaintiff's claims.

    c. Defendants have withheld the responses to the emails related to plaintiff's claims in the privilege logs which contain over 1600 emails.

    d. Defendants selectively spoliated telephone records from the beginning of the lawsuit starting January 2020 - December 2021.

    e. Plaintiff would need more clarification with the emails that have been provided by the defendants through depositions.

f.  Defendants were compelled to produce telephone records for a shorter duration of April 2021- December 2021 but did Selected production for selected Defendants

Spoliation / Selected Production Of Telephone Records

1. Plaintiff received from Defendant Orrantia a certificate Exhibit-2 at 1, along with the AT&T key Exhibit-2 at 2-18, Phone and text records which have only 44 pages Exhibit-2 at 19-62 and another phone record from Orrantia with only 11 pages Exhibit-2 at 63-73. After reviewing the actual page numbers , the Defense counsel has left out over 2000 pages. Exhibit-2 at 74

2. In a June 7, 2021 at 12:00 pm pacific time Exhibit-2 at 75 , there was meeting , Plaintiff provided Defense counsel this video WW-000008286.mov in between minute 7 - Minute 10 , Defendant Orrantia says he will text Defendant Berg and Defendant Patterson, the record for those logs of communications has been selectively not provided by Defense Counsel Parker.

3. Defense Counsel has selectively produced communication between Defendant Orrantia - Defendant Seibel and/or any other resident from Seibel's residence starting November 13, 2021 by mp4 video messaging(Defendant016792.mp4) , despite the court order dates of

4/1/2021- 12/31/2021 and also in Defendant Orrantia phone Records of AT&T , Defense counsel Parker has either failed to identify Defendant Seibel/and or any other resident from Seibel's residence communication with Defendant Orrantia AT&T records or selectively produce phone records that do not identify Defendant Seibel and/or any other resident from Seibel's residence. Plaintiff has already provided that Defendant Seibel also communicated to defendants through her partner Lee Haun, yet the defendants have selectively provided limited information.

4. Defense Counsel has selectively produced communication between Defendant Orrantia - 5314 SW resident with car business by provided an mp4 video messaging starting Oct 6, 2021 (Defendant016789.mp4) despite the court orders dates of 4/1/2021- 12/31/2021 and also In Defendant Orrantia phone Records of AT&T , Defense counsel Parker has either failed to identify 5314 SW or any other resident from the residence of 5314 SW communication with Defendant Orrantia or selectively produce phone records that do not identify the residents of 5314 SW.

5. Defense Counsel has selectively produced communication between Defendant Orrantia - Defendant Patterson by providing two mp4

video messaging. First video started starting Oct 11, 2021 (Defendant016790.mp4) and the second video started December 10 , 2021(Defendant016791.mp4) despite the court order dates of 4/1/2021- 12/31/2021 and also in Defendant Orrantia phone Records of AT&T, Defense counsel Parker has selectively provided records of Defendant Patterson communication with Defendant Orrantia AT&T records.

6. Defense Counsel has selectively produced communication between Defendant Orrantia - Defendant Berg by providing mp4 video messaging with partial messages starting Oct 11 after the message the next message is Jan 31 (Defendant016793.mp4) despite the court order dates of 4/1/2021- 12/31/2021 and also in Defendant Orrantia phone Records of AT&T , Defense counsel Parker has selectively provided records of Defendant Berg communication with Defendant Orrantia AT&T records.

7. Plaintiff received an certificate Exhibit-2 at 78 from Defense counsel for Defendant Berg, Per this certificate from defense counsel Parker, Defendant Berg text messages and verizon wireless call detail (including origination/terminating telephone numbers etc) have not been retained, per Plaintiff investigation the origination/terminating

calls etc could come from businesses (Corporation Defendants), in Defendant Berg phone certificate states these calls no longer retained and the other type of calls including non-billable records are not retained, only billable/answered calls off the statement., I have reviewed Defendant Berg records received by Defense counsel Parker there are no phone calls records to Management Trust or Defendant Brian Hess Exhibit-2 at 79-168. Plaintiff has provided the court with document where Defendant Hess stated if Berg has his personal phone number as well(ECF-(144-1) pg.8,22,26), counsel Parker did not request for that information for Defendant Hess Exhibit-2 at 169-171, also Defense counsel did not provide Defendants The Management Trust, Northwest , Defendant Hess, and from the residence of Defendant Seibel phone records for that time period by the defendants, the corporation phone records could have supplement for Defendant Berg phone records..

8. In Interrogatory Response from Defense counsel, Defendant Hess has AT&T as a service provider Exhibit-2 at 172, but Defense Counsel did not produce these telephone records per the court order, this would have supplemented the loss records from Defendant Berg.

9. Similar to Defendant Berg, Defendant Layton and Defendant Patterson records have been spoliated per verizon certificate(Exhibit-2 at 173-174) and the substitution records from ATT service from Defendant Orrantia has been selectively withheld from production, along with the corporation phone records not produced.

10. Plaintiff requested all of this communication between Sept 2021 - Oct 2021 to all of the defendants, the defendants had an attorney the verizon communications could have been retained.

11. When Plaintiff was sending out complaints to the corporation about violations, defendants has only provided a limited amount of conversation between Defendant Hess and Farmington Estates when Plaintiff reported, without business phone records and Defendant Hess records , it appears Defendant Hess/corporation were just discriminatory and not going to farmington estates to cure plaintiff violations.

The time period in question is significant because the list of things discriminatory and retaliatory happened to plaintiff,

    g. It was right after the townhall meeting March 30,2021 where I was singled out by Corporate Attorney Ryan Harris.

h. It was also when I did a protected activity on 4/8/2021 and adverse action where 5314 SW was blocking my way out of my drive way and kept screaming take pictures, Plaintiff called the cops.

i. Aiding with Defendant Seibel over the rat issues April - July 2021

j. Defendants attempting to penalize plaintiff with exterminator fees to fix Defendant Seibel's backyard issue during April - June 2021.

k. Deciding to create financial penalty resolution after the email from Orrantia, which Hess forward to Sara Beddow ECF-(172-5) at 134, after that the financial penalty was brought at the 7/12/2021 meeting June-October 2021

l. Annual Elections where plaintiff was appointed as Treasurer May - June 2021

m. Defendant Patterson wanted to remove Plaintiff's vote.

n. Retaliating against Plaintiff by removing my treasurer position from me Nov 22, 2021 ECF-(172-7) at 153-154 and assigned it to Defendant Orrantia. October-December 2021.

o. The incident of Defendant Orrantia inspecting my back yard and falsely accusing me of certain actions. June 2021

p. Defendant Seibel renovating her entire back yard to make her yard look better so she can report me.

q. The dangerous incident, Plaintiff had with 5314 SW where plaintiff called the police for blocking his driveway in September 2021 WW-000007794.wav plaintiff provided it to defendants.

r. Sara beddow closing all of the violations reported by Plaintiff against auto business in Sep 2021

s. It became harder for plaintiff to report even as a board member

t. Plaintiff threatened lawsuit to get his work order processed and experience hostility from the picture. April - May 2021

u. Plaintiff forced out of the community September-October 2021

v. Defendant Seibel blew smoke at Plaintiff's unit and interfered with me and my family to clean my property before moving out.

w. Defendant Seibel falsely claiming hostility

x. The dead rat incident.

Plaintiff requests the court to reconsider the motions and/or alter and amend the judgments.

March 15, 2026.                                     Respectfully Submitted,

                                                    _____
                                                    Wilmore L Washington
                                                    Plaintiff, Pro Se